UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JENIFER ARBAUGH** | **CIVIL ACTION** |
| **VERSUS** | **NO: 01-3376** |
| **Y & H CORPORATION, et al** | **SECTION: "R"(1)** |

<u>**ORDER AND REASONS**</u>

DEFENDANTS' RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW OR IN THE ALTERNATIVE MOTION FOR A NEW TRIAL AND/OR REMITTUR (Rec. doc. 43)

  **GRANTED IN PART AND DENIED IN PART**

ARBAUGH'S MOTION TO AMEND JUDGMENT  (Rec. doc. 40)

  **GRANTED IN PART AND DENIED IN PART**

ARBAUGH'S MOTION FOR ATTORNEY'S FEES  (Rec. doc. 39)

  **GRANTED**

  Before the undersigned are the following:  (1) the renewed motion of the defendants, Y&H Corporation ("Y&H"), the operator of the Moonlight Café, and Yalcin Hatipoglu ("Hatipoglu"), for judgment as a matter of law or in the alternative motion for a new trial and/or remittur; (2) the motion of the plaintiff, Jennifer Arbaugh ("Arbaugh"), to amend judgment; and (3) Arbaugh's motion for attorney's fees.

## PROCEDURAL BACKGROUND

Arbaugh filed this action on November 18, 2001 and asserted claims under Title VII and Louisiana law. She alleged that during her employment at the Moonlight Café as a bartender and waitress, she was discriminated against because of her sex in that she was exposed to a hostile working environment and in February, 2001 she was forced to resign. Rec. doc. 1. The parties consented to the trial of the case before a Magistrate Judge. Rec. doc. 6. The action was tried to a jury on October 28 and 29, 2002 with a verdict for Arbaugh. Rec. docs. 33 and 36. She was awarded $5,000 in back pay, $5,000 for pain and suffering and $30,000 in punitive damages. A judgment was entered in her favor and against the defendants. Rec. doc. 38.

Subsequently, the judgment was vacated and defendants' motion to dismiss for lack of jurisdiction was granted. The three motions described above were dismissed as moot. Rec. doc. 62. The Fifth Circuit affirmed the dismissal for lack of jurisdiction, but the United States Supreme Court reversed it. On April 24, 2006, the Fifth Circuit reversed and remanded for further proceedings consistent with the Supreme Court's opinion. Rec. doc. 71. The parties were notified that the three motions were set for submission on May 24, 2006 on briefs and without oral argument. They were given an opportunity to submit additional memoranda. Rec. doc. 70.

## RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW

The defendants' renewed motion for judgment as a matter of law and other relief was filed on November 19, 2002. Rec. doc. 43. Arbaugh filed an opposition on November 26, 2002 and a supplemental opposition on May 16, 2006. Rec. docs. 46 and 75. The defendants did not file any further memorandum in support of their motion. Pursuant to Fed. R. Civ. P. 50(a), defendants contend that there was no basis in the evidence for: (1) the finding of a sexually hostile

environment; (2) the award of $5,000 for back pay; (3) the award of $5,000 for emotional distress; and (4) the award of $30,000 for punitive damages. Hatipoglu contends that, because he was not found liable for battery, there was no basis for Title VII liability.

In <u>Hatley v. Hilton Hotels Corp</u>., 308 F.3d 473 (5th Cir. 2002), the Fifth Circuit stated:

> In entertaining a motion for judgment as a matter of law, the court should review all of the evidence in the record. However, the court must draw all reasonable inferences in favor of the nonmoving party, and *it may not make credibility determinations* or weigh the evidence. Thus, although the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe.

<u>Id</u>. at 474 (Citations, quotation marks and brackets omitted and emphasis in original).

Defendants contend that the complained of conduct was not sufficiently severe or pervasive to constitute a sexually hostile environment. They urge that many of Arbaugh's statements about Hatipoglu's conduct were not corroborated by other witnesses and that the jury failed to find that he committed a battery. Arbaugh demonstrates that in <u>Harvill v. Westward Communications, L.L.C.</u>, 433 F.3d 428, 435 (5th Cir. 2005), the Fifth Circuit cited with approval <u>Worth v. Tyer</u>, 276 F.3d 249 (7th Cir. 2001), in which the Seventh Circuit recognized that even one act of harassment could suffice to create a hostile work environment. 276 F.3d at 268. In <u>Harvill</u>, the Fifth Circuit held that deliberate and unwanted touching of the plaintiff's intimate body parts could constitute severe sexual harassment. 433 F.3d at 436. Pursuant to the Rule 50(a) standard, there was sufficient evidence for a reasonable jury to find that Hatipoglu's conduct was sufficiently severe or pervasive to alter a term or condition of Arbaugh's employment. Notwithstanding the jury's failure to find that Hatipoglu committed a battery, the evidence was sufficient to support a finding of deliberate and unwanted touching of Arbaugh's intimate body parts.

The dispute between defendants and Arbaugh over the jury's award of $5,000 for back pay begins with evidence of her earnings at the time of her discharge. Defendants contend that Arbaugh testified that her full time wages were between $500 to $700 per week and she had reduced her hours to part time employment prior to her constructive discharge. Arbaugh responds that she only wanted to work three or four days a week. She gave up Monday, Tuesday and Wednesday of each week, the slow days, and worked the remainder of the week. She argues that she was earning $500 to $700 per week for the busy days. The disputed testimony is found at pp. 34-39 of Rec. doc. 41. A review of the testimony demonstrates that defendants are attempting to have the Court weigh the evidence. Defendants also object that Arbaugh did not provide tax returns or other documentation to support her claim for back pay. They want the Court to draw an unfavorable inference from the absence of this documentation. The jury was free to draw such an inference but made its determination in favor of Arbaugh. The Court is not permitted to weigh evidence or draw unfavorable inferences. Based on the standard for considering a Rule 50(a) motion, there was sufficient evidence to support the award of $5,000 for back pay.

Defendants take issue with the award of $5,000 for emotional distress. They acknowledge that Arbaugh's own testimony, standing alone, may be sufficient to prove mental damages, but contend that such testimony must be particularized and extensive enough to meet the requirement that a plaintiff present specific evidence of emotional damage. See Hitt v. Connell, 301 F.3d 240, 250-51 (5th Cir. 2002). Arbaugh testified that, as result of the defendants' actions, she had difficulties sleeping, eating, working with men and socializing. Her boyfriend corroborated some of this testimony. There was sufficient evidence to support an award of $5,000 for emotional distress.

Defendants contend that the award of punitive damages was not warranted because Hatipoglu did not act with malice or reckless indifference. They argue that Arbaugh acknowledged that Hatipoglu's comments concerning her body parts were jokes and only she believed that his infrequent physical contacts were sexual in nature. They urge that the jury's failure to find a battery demonstrates that the incident of February 10, 2001 was not an intentional touching of a person accompanied by intentional use or display of force. They concede that while Hatipolgu's conduct was crass and stupid and not the proper way to run a restaurant, the conduct falls below the level required to justify an award of punitive damages. They argue that the evidence does not give rise to an inference of actual malice or conduct sufficiently outrageous to be deemed equivalent to actual malice. See Kolstad v. American Dental Association, 527 U.S. 526, 119 S.Ct. 2118, 2126 (1999), citing Chizmar v. Mackie, 896 P.2d 196, 210 (Alaska 1995).

Punitive damages are available under 42 U.S.C. § 1981a. In Kolstad, the Supreme Court rejected the argument that eligibility for punitive damages could only be described in terms of employer's egregious misconduct. It stated:

> § 1981a's focus on the employer's state of mind gives some effect to Congress' apparent intent to narrow the class of cases for which punitive awards are available to a subset of those involving intentional discrimination. The employer must act with "malice or with reckless indifference *to the plaintiff's federally protected rights*." The terms "malice" or reckless indifference" pertain to the employer's knowledge that it may be acting in violation of federal law, not its awareness that it is engaging in discrimination.

119 S.Ct. at 2124 (Citations and brackets omitted and emphasis in original). The Supreme Court added that in the context of § 1981a "an employer must at least discriminate in the face of a perceived risk that its actions will violate federal law to be liable in punitive damages." Id. at 2125. Based upon the Rule 50(a) standard, the evidence of Hatipolgu's misconduct was sufficient to

support an award of punitive damages.

At the trial the jury was charged that Arbaugh claimed that she was discriminated against because of her sex in that she was exposed to a hostile work environment. Rec. doc. 34 at p. 7. This was the basis of her claims under Title VII, 42 U.S.C. §2000e and La. Rev. Stat. Ann. § 23:332. The jury was also charged that Arbaugh made a claim against Hatipolgu under Louisiana law in that she alleged he committed a battery against her. Rec. doc. 34 at p. 10. The jury answered the interrogatories with a finding that Y&H Corporation was liable for the action of Hatipolgu on the claim of sexual harassment. Rec. doc. 35. It did not find that he committed a battery. Id. The original judgment simply provided that there was judgment in Arbaugh's favor and against the two defendants. Rec. doc. 38.

Hatipoglu contends that the judgment against him was unwarranted, urging that Title VII only provides liability for employers and that individuals may not be held liable under Title VII. See Patterson v. P.H.P. Heathcare Corp., 90 F.3d 927, 942 (5th Cir. 1996). He argues that since he was not found liable for battery, there should be no judgment against him. Arbaugh contends that her claim for sexual harassment was not limited to Y&H. She argues that prior to the verdict on the sexual harassment claim, Hatipoglu did not move to be dismissed. She contends he waived the right to attack the sufficiency of the evidence against him.

In her complaint, Arbaugh described her causes of action in one paragraph. She alleged she was subjected to a hostile environment and constructively discharged by Y&H. As an additional cause of action, she alleged Hatipoglu committed a battery. Rec. doc. 1 at p. 2. In the pretrial order the contested legal issues were described as: (1) whether defendant (without identification) violated Title VII and La. Rev. Stat. Ann. §23:301 with respect to her employment and termination; and (2)

whether Hatipoglu committed a battery upon her person. Rec. doc. 19 at p. 2. Arbaugh did not include Hatipoglu as a defendant in her claim of sexual harassment nor was he included in the charge to the jury. While Hatipoglu's actions gave rise to Arbaugh's claim of sexual harassment, he was only a defendant on the state law battery claim. The jury did not find Hatipolgu liable on the battery claim and he was not a defendant on the discrimination claim. There can be no judgment against him. In all respects, the judgment against Y&H Corporation remains unchanged.

## **MOTION TO AMEND JUDGMENT**

The original judgment, which was later vacated, did not make any provision for pre-judgment or post-judgment interest. Rec. doc. 38. On November 27, 2002, Arbaugh filed a motion to amend judgment to include pre-judgment and post-judgment interest. Rec. doc. 40. The defendants filed an opposition on December 10, 2002. Rec. doc. 54. The parties did not submit anything further on this motion.

Arbaugh contends that pre-judgment interest is an integral part of the "make-whole" remedial scheme of employment discrimination cases. See Loeffler v. Frank, 486 U.S. 549, 108 S.Ct. 1965, 1970-71 (1965). She urges that post-judgment interest is mandated by 28 U.S.C. § 1961(a). Y&H responds that pre-judgment interest is discretionary on the back pay award. It urges that there should be no pre-judgment interest on the award of damages for emotional distress and the award of punitive damages. The Court agrees that pre-judgment interest on the back pay is required to make plaintiff whole. Such interest is not appropriate on the remaining elements of the judgment.[1] Post-judgment interest is required by 28 U.S.C. § 1961(a).

---

[1] In "Judith L. DeCorte v. Eddie Jordan," 03-1239-SRD-SS, the District Judge awarded pre-judgment interest on the back pay award but did not provide for such interest on the award for emotional damages. CA 03-1239 at Rec. doc. 404.

## MOTION FOR ATTORNEY'S FEES

On November 7, 2002, Arbaugh filed a motion for attorney's fees. Rec. doc. 39. She supplemented the application on December 10, 2002 and on May 9, 2006. Rec. docs. 53 and 74. The defendants did not submit any opposition.[2]

Arbaugh's motion for attorney's fees, as supplemented, shall be deemed unopposed. It has merit. Plaintiff diligently pursued her claim and secured an important result. The Supreme Court issued a unanimous decision in her favor on the jurisdictional issue. She seeks a total of $144,122.35 for all phases of this proceeding. A review of the billing statements demonstrates that the descriptions of the activities, the time incurred for them and the hourly rates applied to them are reasonable. Arbaugh shall be awarded attorney's fees of $144,122.35 in addition to the costs taxed by the Clerk of $1,915.35, for a total of $146,037.70.

IT IS ORDERED that:

1.  Defendants' renewed motion for judgment as a matter of law or in the alternative motion for a new trial and/or remittur (Rec. doc. 43) is GRANTED IN PART AND DENIED IN PART.

2.  Plaintiff's motion to amend judgment (Rec. doc. 40) is GRANTED IN PART AND DENIED IN PART.

3.  Plaintiff's motion for attorney's fees (Rec. doc. 39) is GRANTED.

New Orleans, Louisiana, this 24th day of May, 2006.

                                                                           **SALLY SHUSHAN**
                                                    **United States Magistrate Judge**

---

[2] Prior to the order vacating the judgment, Arbaugh submitted an application to the Clerk for costs. Rec. doc. 42. The Clerk taxed costs in the amount of $1,915.35.